UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
:
UNITED STATES OF AMERICA          :
: SECOND CONSENT PRELIMINARY
: ORDER OF FORFEITURE
-v.-                              : AS TO SPECIFIC PROPERTY
:
GUTEMBERG DOS SANTOS,             : S3 20 Cr. 398 (GBD)
:
Defendant.                        :
---------------------------------- x

WHEREAS, on or about October 12, 2021, GUTEMBERG DOS SANTOS (the "Defendant"), was charged in a five-count Superseding Information, S3 20 Cr. 398 (GBD) ("the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Counts One and Five); conspiracy to commit bank fraud, in violation of, Title 18, United States Code, Section 1349 (Count Two); conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h) (Count Three); and obstruction of justice, in violation of, Title 18, United States Code, Sections 1512(c) and 2 (Count Four);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Five of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Five of the Information;

1

WHEREAS, the Information included a second forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, the Information included a third forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real or personal, involved in the offense charged in Count Three of the Information, and any property traceable to such property;

WHEREAS, on or about October 12, 2021, the Defendant pled guilty to Counts One through Five of the Information, pursuant to an agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Five of the Information and agreed to forfeit to the United States, pursuant to (i) Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Counts One and Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Counts One and Five of the Information; (ii) Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the Defendant obtained

2

directly or indirectly, as a result of the commission of the offense charged in Count Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information; and (iii) Title 18, United States Code, Section 982(a)(1), any and all property involved in the offense charged in Count Three of the Information, including but not limited to a sum of money in United States currency representing all property involved in the offense charged in Count Three of the Information;

WHEREAS, on or about March 8, 2023, a Preliminary Order of Forfeiture as to Specific Property was entered forfeiting the Defendant's interest in certain assets (the "Subject Property")(D.E. 177);

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $8,000,000.00 in United States currency, representing the proceeds traceable to the commission of Count One, Two and Five of the Information that the Defendant personally obtained and property involved in the commission of the offense charged in Count Three of the Information;

WHEREAS, the Defendant further consents to the forfeiture of all of his right, title, and interest in the following property as proceeds traceable to the offenses charged in Counts One, Two and Five of the Information that the Defendant personally obtained and property involved in the offense charged in Count Three of the Information:

    a.    Any and all funds in account number ending in -3368 held at Wells Fargo Bank in the name of Gutemberg Dos Santos, and any and all funds traceable thereto;

b. Any and all funds in account number ending in -2098 held at Bank of America in the name of Guternberg Silva Santos, and any and all funds traceable thereto;

c. Any and all funds in account number ending in -4300 held at Bank of America in the name of Gutemberg Silva Santos, and any and all funds traceable thereto;

d. Any and all funds in account number ending in -033-7 held at Banco G&T Continental in the name of Gutemberg Silva Dos Santos, and any and all funds traceable thereto;

e. Any and all funds in account number ending in -190-4 held at Banco G&T Continental in the name of Gutemberg Silva Dos Santos, and any and all funds traceable thereto;

f. Any and all items of value, seized on or about August 18, 2020, from Gutemberg Dos Santos, from the residence located at Ocean Reef Islands Marina, PH Garden, Piso 3, Apartamento 23, Panama City, Panama, including but not limited to the following:

1. One Grey Apple MacBook Air, Unique Identifier C02V30QTHH21;
2. One Grey Windows Tablet, containing the unique identifier 1724 128GB 041740563353;
3. One Grey Apple tablet in black case, containing the unique identifier DLXVP0NAJ294;
4. One Black Apple iPhone with a Broken Screen;
5. One Rose Gold Apple Iphone, Unique Identifier F17ZV6KKN6XQ;
6. One Green Apple iPhone in blue case, containing the unique identifier F17ZV6KKN6XQ;
7. One Black Samsung phone in a clear case;
8. One Black MOTO smart phone, containing the unique identifier XT1789-06;
9. One Silver Kingston Storage Device DT 50 (16GB), containing the unique identifier C7052-303A01LP;
10. One Silver Kingston Storage Device DT 50 (16GB), containing the unique identifier C7538722-5V;
11. One Silver Kingston Storage Device DT 50 (16GB), containing the unique identifier C7052-303A01LF;
12. One Silver Kingston Storage Device DT 50 (16GB), containing the unique identifier OS 7636722 5V;
13. One Black Maxell Storage Device (64GB);
14. One Blue Delkin Devices Power Storage Device (64GB), containing the unique identifier TPDN003463291;
15. One Silver Blockchain Business Board B3 Storage Device;

16. One Black/Red SanDisk Cruzer Blade Storage Device (8GB), containing Serial No. BI141124450B;
17. One Black/Red SanDisk Cruzer Blade Storage Device (8GB), containing Serial No. BI160225183V;
18. One Black Apple Watch Series 3, 42 mm with an Aluminum Case;
19. One White/Silver Apple Watch;
20. One SAFEWISE Cryptocurrency Device, containing CNPJ No. 26.264 220;
21. One LUXOR 300 NIVEL-700 Pacific Hills;
22. One Black/Grey Louis Vuitton wallet;
23. One Bag containing SIM Cards and Business Cards.
24. One Blue ZOOM H1n Handy Recorder;
25. One Rose gold Apple iPhone;
26. One White Apple iPhone, containing the unique identifier C39XQ0SVKPFV;

g. 499.9993 in BTC, located in digital wallet with the public address ending in 4p2yZ, which was seized by the Government on or about October 25, 2022;

h. 499.9993 in BTC, located in digital wallet with the public address ending in iWd6, which was seized by the Government on or about October 25, 2022;

i. 499.9995 in BTC, located in digital wallet with the public address ending in dgDTu, which was seized by the Government on or about October 25, 2022;

d. 499.9995 in BTC, located in digital wallet with the public address ending in rE713, which was seized by the Government on or about October 25, 2022;

e. 499.9994 in BTC, located in digital wallet with the public address ending in 4Zi9Y, which was seized by the Government on or about October 25, 2022;

f. 500.00 in BCH, located in digital wallet with the public address ending in t4x85, which was seized by the Government on or about October 25, 2022;

g. 500.00 in BCH, located in digital wallet with the public address ending in 9zajs, which was seized by the Government on or about October 25, 2022;

h. 500.00 in BCH, located in digital wallet with the public address ending in nrl82s, which was seized by the Government on or about October 25, 2022;

i. 500.00 in BCH, located in digital wallet with the public address ending in wah3r, which was seized by the Government on or about October 25, 2022;

j.  500.00 in BCH, located in digital wallet with the public address ending in 49tqg, which was seized by the Government on or about October 25, 2022;

j.  500.00 in BCH, located in digital wallet with the public address ending in 0jwv5, which was seized by the Government on or about October 25, 2022;

k.  500.00 in BCH, located in digital wallet with the public address ending in ssqu5, which was seized by the Government on or about October 25, 2022;

l.  500.00 in BCH, located in digital wallet with the public address ending in wcvnw, which was seized by the Government on or about October 25, 2022;

m.  500.00 in BCH, located in digital wallet with the public address ending in lgpttl, which was seized by the Government on or about October 25, 2022;

n.  500.00 in BCH, located in digital wallet with the public address ending in jzqce7, which was seized by the Government on or about October 25, 2022; and

o.  500.00 in BCH, located in digital wallet with the public address ending in t6ddk, which was seized by the Government on or about October 25, 2022.

(a. through o, collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two and Five of the Information that the Defendant personally obtained and property involved in the offense charged in Count Three of the Information, cannot be located upon the exercise of due diligence, with the exception of the Subject Property and Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), 32.2(b)(6), and 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any person who reasonably appears to be a potential claimant of their interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Kiersten A. Fletcher, Cecilia E. Vogel, and Samuel Raymond, and the Defendant GUTEMBERG DOS SANTOS, and his counsel, his counsel, Daniel Forman, Esq. and Peter Quijano, Esq., that:

1.  As a result of the offense charged in Counts One through Three and Five of the Information, to which the Defendant pled guilty, a money judgment in the amount of $8,000,000.00 in United States currency (the "Money Judgment"), representing the proceeds traceable to the offenses charged in Counts One, Two and Five of the Information that the Defendant personally obtained and the property involved in Count Three of the Information, shall be entered against the Defendant.

2.  As a result of the offense charged in Counts One through Three and Five of the Information, to which the Defendant pled guilty, all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Second Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, GUTEMBERG DOS SANTOS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.  All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, the United States Customs

and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. Upon entry of this Second Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeitures shall be authorized to deposit the payment on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property

6. Upon entry of this Second Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

        8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

        9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

        10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property and Subject Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

        11.     Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Second Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

14. The signature page of this Second Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____  10/4/23
Kiersten A. Fletcher           DATE
Samuel Raymond
Cecilia E. Vogel
Assistant U.S. Attorneys
One St. Andrew's Plaza
New York, New York 10007
Tel. No. (212) 637-2238/6519/1084

GUTEMBERG DOS SANTOS

By: _____  10-4-2023
   GUTEMBERG DOS SANTOS       DATE

By: _____  10-4-23
   Daniel Forman, Esq.         DATE
Daniel H. Forman, P.A.
1401 Brickell Ave., Suite 910
Miami, FL 33131
Tel. No. (305) 577-8888

Peter Enrique Quijano, Esq.
Quijano Ennis & Sideris
52 Duane Street, 7th Floor
New York, New York 10007
Tel. No. 212.686.0666

11

SO ORDERED:

*[signature: George B. Daniels]*

HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

OCT 0 4 2023
DATE

12